JOHN Z. GOODRICH *vs.* CHARLES HULBERT & another.

Berkshire.     September 11, 1877.     ENDICOTT & LORD, JJ., absent.

It is no ground for setting aside an award of an arbitrator, that he had formerly been counsel, in another action, for the party in whose favor he found, although this fact was not known or communicated to the party against whom the award was made, or to his counsel, in the absence of evidence that the fact was intentionally concealed.

CONTRACT. In May, 1876, the case was referred by agreement of parties, under a rule of court, to Henry W. Paine, esquire, who made an award in favor of the plaintiff; and the defendants moved to set aside the award for the following reasons:

"1. Because the referee was not entirely disinterested, but, having been associated with Elias Merwin, esquire, for several

years, as counsel for Goodrich, the plaintiff in this action, in a very important and bitterly contested lawsuit, in which said Goodrich's character was involved, was thereby necessarily biased in his favor, and unable to decide with absolute impartiality, whether said Goodrich's testimony, on which his case before the referee mainly rested, was true or false.

" 2. Because the defendants were not informed that the referee had acted as counsel for the plaintiff, and consented to his appointment, because they were informed and believed that the referee had never been connected in any way with the plaintiff, and did not discover the connection which had existed between them till after the award was made."

At the hearing on this motion, *Colt*, J., found the following facts : " On June 22, 1866, one Winthrop W. Chenery brought an action against John Z. Goodrich, the plaintiff in this action, to recover damages for an alleged false and malicious libel, published by Goodrich concerning him.   Goodrich retained Mr. Merwin as his counsel in that action, by whom the case was argued on demurrer before the full court, and subsequently, the case coming on for trial in the year 1870, Mr Paine was retained as senior counsel by Goodrich, at the suggestion of Mr. Merwin, and as such conducted the trial of the case before a jury, and afterwards argued it in the spring of 1871, on exceptions taken by the defendant at the trial.   One of the questions presented to the jury was, whether the statements contained in the libel complained of were true, or made in good faith, and the trial excited much personal feeling in the parties.   The case was settled by agreement of the parties in September, 1871, and after that date the referee had not acted as counsel for Goodrich in any matter, or had any personal relation with him.   These facts were not known to the defendants or their counsel when they agreed to the appointment of Mr. Paine as referee.   The defendants' counsel testified that, if these facts had been known to them, they would not have advised, nor would the defendants have consented to, his appointment.   The defendants' counsel, before signing the agreement for the reference, asked Mr. Merwin, (who was the counsel of Goodrich in this case, and who assisted in the trial before the referee,) whether Mr. Paine was connected with or interested in Goodrich as counsel or other-

wise, and was informed that he was not, from which the defendants' counsel inferred that the referee never had acted as counsel for Goodrich, and so stated to the defendants, and the defendants consented to the reference upon this understanding. Neither the defendants, nor their counsel, had any notice or knowledge that the referee had acted as counsel for Goodrich until after the award was made, when the defendants discovered it by accident. Goodrich was a material witness for himself before the referee in the trial of this case. The defendants did not contend that Mr. Merwin intended to mislead the defendants' counsel in regard to the relation which had existed between the referee and Goodrich, or that he intentionally concealed it from them, or that the referee was chargeable with improper conduct in the hearing before him, or was conscious of any bias or prejudice in the case."

The judge ruled that it did not necessarily follow, from the fact that the referee had acted as counsel for the plaintiff in the case and under the circumstances above stated, that he was so far biased in favor of the plaintiff as to render his award invalid; and, as there was no evidence to show that the referee was biased, found as a fact that he was not. The judge ruled that no cause was shown for setting aside the award, and accepted it. The defendants alleged exceptions.

*M. Wilcox*, for the defendants.

*H. L. Dawes*, for the plaintiff, was not called upon.

GRAY, C. J. The only ground assigned for the defendants' motion to set aside the award was bias and interest of the arbitrator, by reason of his having acted as counsel for the plaintiff in a former action, which was not disclosed or known to the defendants or their counsel until after the award was made. It was not contended that the fact was intentionally concealed, it did not appear that the plaintiff or his counsel knew or suspected that the defendants were ignorant of it, and their actual ignorance of the fact is immaterial. The decision of the judge, overruling the motion, is not subject to revision by the full court as to matters of fact. To hold, as matter of law, that a member of the bar is disqualified to act as an arbitrator, merely because he has formerly been of counsel for one of the parties, would be an imputation upon the uprightness and good faith of the pro-

fession. The twenty-ninth article of the Declaration of Rights, declaring "the right of every citizen to be tried by judges as free, impartial and independent as the lot of humanity will admit," if interpreted as contended by the learned counsel for the defendants, would prevent a judge from sitting in every case to which a former client of his in any other case was a party.

*Exceptions overruled.*