(17 Misc. Rep. 121.)

### MEYERSON v. HARTFORD FIRE INS. CO.

(Supreme Court, Appellate Term, First Department. May 25, 1896.)

INSURANCE—APPRAISAL—COMPETENCY OF APPRAISER.
   Under a clause in a policy that, in the event of disagreement as to the
amount of loss, it shall be ascertained by two "competent and disinter-
ested" appraisers, one to be selected by each party, the fact that the ap-
praiser named by assured had acted in that capacity for other persons on

similar occasions does not, as a matter of law, render him incompetent or interested, but that question is one of fact for the jury.

Appeal from city court of New York, general term.

Action by Annie Meyerson, as administratrix of Amelia Schwartz, deceased, against the Hartford Fire Insurance Company, on a policy of fire insurance. A judgment in favor of plaintiff was affirmed by the general term of the city court (38 N. Y. Supp. 112), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Cardozo & Nathan, for appellant.

Charles Wehle, for respondent.

McADAM, J. The action is upon a policy of insurance issued by the defendant to Amelia Schwartz, to recover the amount of a loss by fire which took place March 5, 1895, in premises No. 69 West Third street, this city. The policy was for one year from November 13, 1894, and covered household furniture, wearing apparel, etc. The questions presented for review are based on a condition of the policy providing that, "in the event of disagreement as to the amount of loss, the same shall * * * be ascertained by two competent and disinterested appraisers, the assured and this company each selecting one." In accordance with this provision, the defendant demanded an appraisal, and named an appraiser. The plaintiff thereupon nominated William A. Baird as her appraiser. The defendant objected to Mr. Baird, and Charles H. Otto was named in his place. Otto was in like manner objected to, and the plaintiff finally appointed George A. Handte as appraiser. The defendant objected to Handte, on the ground that he was at the time, or shortly prior thereto, a partner of Mr. Kinney, the plaintiff's adjuster upon the loss in question, and not wholly disinterested. The plaintiff then brought suit, and, at the end of her case, the defendant moved to dismiss the complaint, upon the ground that the plaintiff had failed to perform the condition of the policy requiring the appointment of a disinterested appraiser, that the loss might be determined without action. The motion was denied.

The court, in charging the jury, submitted to them the question whether any one of the persons named by the plaintiff was a competent or disinterested man, within the meaning of the policy; charged that the burden of proof was upon the plaintiff to establish that the persons she selected were competent and disinterested, and, unless the plaintiff sustained that burden by a preponderance of proof, she could not recover. The jury having found in favor of the plaintiff, it must be assumed upon this appeal that Handte was disinterested, as well as competent. Uhrig v. Insurance Co., 101 N. Y. 362, 4 N. E. 745; Bradshaw v. Insurance Co., 137 N. Y. 137, 32 N. E. 1055.

The defendant claims that the court erred in refusing to charge that "if the jury find that Mr. Handte, Mr. Otto, and Mr. Baird, the three persons named by the plaintiff as appraisers, were in point of fact public adjusters, and were then, or recently had been, partners

of the plaintiff's agent, Mr. Kinney, they were neither competent nor disinterested, within the meaning of the policy." The fact that Handte had about two months previously been a partner of Mr. Kinney did not per se make him interested (Am. & Eng. Enc. Law, 672; 6 Lawson, Rights, Rem. & Prac. § 3328); nor did the fact that he had formerly been an insurance adjuster necessarily make him interested. Hence the question whether there was any force in the objection was, under the cases cited, properly submitted to the jury, and their finding should, for the purposes of this appeal, be regarded as conclusive. The fact that Handte had been an insurance adjuster would certainly tend to prove his competency for the task he was to assume, and the condition of the policy requires the appraiser to be not only disinterested, but competent, and both of these requirements were complied with in the appointment made. In the Bradshaw Case, supra, the court held that the word "disinterested," as used in the policy, does not mean simply a lack of pecuniary interest, but requires the appraiser to be "one who is not biased or prejudiced." There was no solid ground for asserting that Handte was biased or prejudiced; and the presumption is that he was honest, and would perform his duty. Wood, Prac. Ev. 226, 228; 1 Phil. Ev. (Cow., H. & E. notes) marg. p. 605; Fenlon v. Dempsey (Sup.) 2 N. Y. Supp. 763; Turner v. Kouwenhoven, 100 N. Y. 115, 2 N. E. 637; Kinsella v. City of Auburn (Sup.) 7 N. Y. Supp. 317; Wheeler v. Wheeler (Sup.) 2 N. Y. Supp. 496. Assuming, therefore, that Handte was competent as well as disinterested, it was immaterial whether the objections urged to the preceding appointees had or had not merit, for the plaintiff acquiesced in the objections when she designated Handte, and took the risk of asserting the propriety of his selection. The request to charge that Handte was disqualified if the jury found that he was in point of fact an adjuster, and had, prior to his selection as appraiser, been a partner of Mr. Kinney, went too far, and was therefore properly declined. The alleged facts contained in the request did not import bias or prejudice against the defendant, and, apart from this, did not necessarily disqualify Handte. It would be unwarrantable to hold that every insurance adjuster is presumed to be prejudiced against insurance companies, and therefore disqualified, as matter of law, to act in the indifferent capacity of appraiser. If any particular reason exists why a certain appraiser should not act, the reason must be specifically stated, that its sufficiency may be passed upon in the light of the proofs offered. That was done here, with a result unfavorable to the defendant, after a careful submission of the question to the jury; and that is about as far as the inquiry can extend. In the Uhrig Case, supra, it is held that, "under the arbitration clause, it was the duty of each party to act in good faith to accomplish the appraisement in the way provided in the policy; and if either party acted in bad faith, so as to defeat the real object of the clause, it absolved the other party from compliance therewith; and if either party refused to go on with the arbitration, or to complete it, * * * so that there could be an agreement upon an ap-

praisal, the other party was absolved." And the court justly observed that "a claimant under such a policy cannot be tied up forever without his fault, and against his will, by an ineffectual arbitration."

The exceptions are without merit; and as the verdict finds support in the evidence, and has the approval of the trial judge and the general term of the court in which the action was tried, the judgment must be affirmed, with costs. All concur.