## CHARLES W. YOUNG *vs.* AETNA INSURANCE COMPANY.

### Washington.   Opinion March 22, 1906.

*Fire Insurance. Maine Standard Fire Insurance Policy. Compulsory Arbitra-*
*tion. Referees Must be Disinterested. Disqualifying Partizanship. Award*
*by Referees Will Be Set Aside, When. R. S., c. 49, §§ 1, 4, 5.*

1. All the referees provided for in the Maine Standard Fire Insurance Policy
to fix the amount of the loss must be disinterested men, not only in the
narrow sense of being without relationship and pecuniary interest, but
also in the broad, full sense of being competent, impartial, fair and open
minded and substantially indifferent in thought and feeling between the
parties and without partizanship or bias either way.

2. When it appears that even one of the referees was not thus disinter-
ested, the award in which he joined will be set aside.

3. An unexplained refusal by a referee nominated by the insurance com-
pany to agree upon any man in the vicinity of the property as the third
referee is unreasonable and is evidence of want of the requisite disinter-
estedness. Such refusal coupled with the explanation that it is because
of the objection of the insurance company thereto shows disqualifying
partizanship.

On report. Judgment for plaintiff.

Assumpsit in which the plaintiff sought to recover of the defend-
ant company, under a policy of insurance of the standard form, the
sum of $1400 as insurance on his frame building with brick boiler-
house addition, situated in Calais, Me., and used for storage of non
hazardous merchandise and $300 as insurance on machinery, belting,
shafting, gearing and tools, boilers, engine and connections, pipes and
piping, contained in said frame building and boiler-house, which build-
ing and contents were totally destroyed by fire.

The parties failed to agree as to the amount of the loss, and there-
upon under the provisions of the policy and the statute—R. S., chapter
49, sections 4 and 5—chose two referees, Albert H. Sawyer of Calais,
and Charles W. Allen of Portland. These two referees were unable

to agree upon a third referee.   Application was then made to the
Insurance Commissioner, as provided in section 5 of said chapter, to
appoint a third referee and the Insurance Commissioner appointed as
third referee George Moulton, Jr., of Bath.   While Mr. Sawyer and
Mr. Allen were attempting to agree upon a third referee, Mr. Allen
under the date line of Portland, Maine, March 2, 1903, wrote Mr.
Sawyer the following letter:

"Dear Sir:—

Yours of the 1st inst. received.   I have no doubt whatever but
there are just as good men in Calais as in any other part of the
state, but inasmuch as the insurance people whom I represent, object
to local man, I deem it advisable to select third referee from some
other part of the state.   Can you not send me list of a few names
outside Calais or Washington County?"

The three referees met and considered the matter of the plaintiff's
loss but were unable to agree.   Mr. Allen and Mr. Moulton deter-
mined the loss to be $1353.06 and made an award for that sum.

Mr. Sawyer contended that the loss should be fixed at $1700 the
full amount of the policy, and refused to join in the award made by
the other two referees.

The plaintiff then brought this action against the defendant com-
pany, contending among other things that Mr. Allen was not a "dis-
interested" referee such as the law requires and that therefore the
award made by Mr. Allen and Mr. Moulton was not binding upon
the plaintiff.

The action was tried at the October term, 1905, of the Supreme
Judicial Court, Washington County.   Plea, the general issue with a
brief statement alleging tender and payment of the amount of the
award $1353.06 to Benjamin Y. Curran, attorney for the plaintiff.
At the conclusion of the evidence it was agreed to report the cause
to the Law Court for decision, under the following stipulations:
" Upon so much of the evidence as is legally admissible the Law
Court is to enter such judgment as the legal rights of the parties
require.   In the event that the Law Court shall set aside the award,

the plaintiff is to recover the full amount of the policy less so much as has already been paid under the award.

The pith of the case fully appears in the opinion.

*Symonds, Snow, Cook and Hutchinson, and Curran & Curran,* for plaintiff.

*William T. Haines and Hanson & St. Clair,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

EMERY, J. This is an action upon a fire insurance policy of the standard form, upon a factory building and machinery which were destroyed by fire within the terms of the policy. Referees to determine the amount of the loss had been chosen as provided in the policy and by statute R. S., c. 49, secs. 4-5, and these referees had made their award. The plaintiff, however, contends that the evidence shows such bias and want of impartiality on the part of one or more of the referees as to require the court to set aside the award and render judgment for the amount shown by the evidence before the court to be the actual loss.

The contract and the statute called for "three disinterested men" to appraise the amount of the loss. None of the three referees, or appraisers, in this case had any pecuniary interest in the defendant company, or in the plaintiff's property loss, or in the result of the appraisal; nor was either of them related to the plaintiff. In fine, none of them had any such interest as would disqualify him from acting in an official capacity between the parties under the sanction of an official oath and responsibility, however manifest might be the impropriety of his so doing. *McGilvery* v. *Staples,* 81 Maine, 101, and cases there cited.

We think, however, that something more than absence of pecuniary interest and relationship is required to constitute disinterestedness in this class of cases. The men who act as referees in these cases are not officials acting in behalf of the state under the sanction of official oath and responsibility. They are mere private persons holding no permanent commission from public authority and not required

to take any oath to safeguard their action. Again, they are not freely chosen by the parties like ordinary referees where each party has an absolute veto which he may exercise until all three men are satisfactory to him in all respects. The mode of choosing them that the parties were obliged by the policy and the statute to follow in this case was as follows: Each party nominated three men from whom the other party chose one. These two were to choose the third man if they could agree upon one. As they did not agree the Insurance Commissioner appointed the third man. It is evident that each party's freedom of choice was thus materially abridged. True, the parties stipulated in the contract of insurance that the referees should be chosen in that way, but nevertheless it cannot be held that in fact there was perfect freedom of choice. The plaintiff was obliged to make the stipulation or go without insurance protection of his property. He could not obtain fire insurance except from an incorporated insurance company, R. S., c. 49, sec. 1, (assuming but not deciding that restriction to be constitutional.) No incorporated company could issue a fire insurance policy without that stipulation, R. S., c. 49, sec. 4.

Assuming, as we should, that the stipulation as to referees was required by the legislature as in furtherance of justice, we think the legislative purpose must have been to secure an adjustment of the amount of the loss more speedily, cheaply and accurately than could be done by a court and jury. The spirit of the statute requires that the three referees shall be as free from pecuniary interest and relationship as judges and jurors are required to be, and also be as free from bias, prejudice, sympathy and partizanship as judges and jurors are presumed to be. If there is no other restriction as to the men to be nominated for the other party to choose from, or as to the third man however appointed, than that they shall not be relatives and have no pecuniary interest, then either party may have forced upon him as referee, at least one violent partizan of the other party, or at least men incompetent, opinionated or biased. The purpose of the statute might thus be wholly defeated and made to work an injustice.

From the foregoing considerations and others we are satisfied that the insurance statute and the insurance contract require that the referees shall be "disinterested" not only in the narrow sense of being without relationship and pecuniary interest, but also in the broad, full sense of being competent, impartial, fair and open minded, substantially indifferent in thought and feeling between the parties, and without bias or partizanship either way. *Brock* v. *Insurance Company*, 102 Mich. 583; *Bradshaw* v. *Insurance Co.*, 137 N. Y., 137; *Hall* v. *Assurance Co.*, 133 Ala. 637, (32 So. Rep. 257); *Hickerson* v. *Insurance Co.*, 96 Tenn. 193, (33 So. W. Rep. 1041).

Turning now to the evidence in this case we find the following facts among others: The property insured was situated in Calais, a city on the extreme eastern frontier of the state. The referee chosen by the defendant from the three men nominated by the plaintiff, was Mr. Sawyer of Calais. The referee chosen by the plaintiff from the three men nominated by the defendant, was Mr. Allen of Portland, nearly three hundred miles distant from Calais. Practically, Mr. Sawyer was the choice of the plaintiff, and Mr. Allen the choice of the defendant. When these two undertook to agree upon a man as third referee, Mr. Allen declined to agree upon any man in Calais, though freely admitting there were as good men in Calais as anywhere else in the state. He gave as a reason for his refusal that the defendant company objected to any local man.

This refusal, apart from the excuse given for it, was unreasonable. Assuming, as Mr. Allen admitted, that there were as good men in Calais as anywhere else in the state, it is not a reasonable inference from the fact of their residence in Calais and consequent probable better knowledge of local conditions affecting values there, that none of them were proper persons to act as appraising referees. His refusal to consider any of them shows that Mr. Allen was not an impartial, indifferent arbitrator, and, coupled with the excuse given, it shows that he regarded himself as the representative of the defendant company. From this circumstance alone, without considering others appearing in the evidence, we think it clear that Mr. Allen was not the disinterested referee required by the statute and the policy, and hence that the award must be adjudged not binding on

the plaintiff, and must be set aside. *Brock* v. *Insurance Co.*, 102 Mich., 583; *McCullough* v. *Insurance Co.*, 113 Mo., 606; *Insurance Co.* v. *Bishop*, 154 Ill. 9; *Hickerson* v. *Insurance Co.*, 96 Tenn. 193 (33 So. W. 1041.)

The defendant company refused to comply with the plaintiff's request for another arbitration of the amount of the loss, and it was stipulated in the report of the case, that if the court adjudged the award invalid, judgment should be awarded for the plaintiff for the full amount of the insurance $1,700, less $1,353.06 already paid.

*Judgment for the plaintiff for $346.94 and interest from the date of the writ.*