Appeal from Kings County Court.

David Scharfstein was convicted of perjury, and he appeals. Reversed, and new trial ordered.

See, also, 148 N. Y. Supp. ——.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Nathan D. Shapiro, of Brooklyn, for appellant.

Edward A. Freshman, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondents.

PER CURIAM. This indictment having charged the defendant with false testimony on the trial of People v. Kleinberg, the proof was that the defendant had testified before the grand jury that he had a look at the faces of persons whom he identified as coming out of the cellar right after the burglary. Being called at the Kleinberg trial, he contradicted this testimony before the grand jury, and declared that he did not see the faces. After the jury had gone out, they returned and inquired of the court as follows: "In our consideration of the evidence in this case, does it make any difference whether the defendant committed perjury before the grand jury or at a subsequent trial of this defendant?" To this request the court replied, "No, you may predicate perjury on either."

This was error. Under this indictment defendant could not have been convicted of perjury for his testimony before the grand jury. The indictment charged the crime in falsely testifying at the trial. Proof that he falsely testified at a time and place other than that specified in the indictment did not prove the offense charged, and deprived the defendant of his constitutional right. Under this instruction defendant could be, and presumably was, convicted of perjury founded on his testimony at a time and place not set forth in the indictment.

For this error the judgment of the County Court of Kings County must be reversed, and a new trial ordered.

---

PIERCE v. SUN INS. OFFICE.

(Supreme Court, Appellate Term, First Department. June 3, 1914.)

1. INSURANCE (§ 668*)—FIRE INSURANCE—APPRAISEMENT—APPOINTMENT OF COMPETENT AND DISINTERESTED APPRAISER—QUESTION FOR JURY.

Whether the appraiser appointed by an insurance company pursuant to a stipulation in a policy for the appointment of competent and disinterested appraisers to ascertain the amount of a loss was disinterested *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1556, 1732–1770; Dec. Dig. § 668.*]

2. INSURANCE (§ 612*)—FIRE INSURANCE—STIPULATIONS FOR APPRAISEMENT—BREACH BY INSURER—EFFECT.

An insurance company, which appoints as appraiser one who is not a disinterested person, violates the stipulation in the policy for the appointment of competent and disinterested appraisers, and insured need not appoint an appraiser, but may sue on the policy for the loss sustained.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1520–1528; Dec. Dig. § 612.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Fred E. Pierce against the Sun Insurance Office. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

Rollins & Rollins, of New York City (Fulton J. Redman, of New York City, of counsel), for appellant.

Alexander & Green, of New York City (William C. Prime, of New York City, of counsel), for respondent.

PENDLETON, J.   The action was brought on an insurance policy against fire for the loss of rental during the time necessary to rebuild. The complaint, after the allegation as to the issuing of the policy, the fire, and destruction of the property, alleged that the loss was $250, and that plaintiff had performed all the conditions on his part to be performed, and that 60 days had elapsed after notice and proof of loss. The answer denied that plaintiff had performed the conditions on his part to be performed, and alleged, after setting forth the provisions of the policy, that defendant had notified plaintiff it desired an appraisement, and appointed an appraiser, to which no answer was made by plaintiff; and further alleged that under the policy no loss was payable until after 60 days after proof of loss, including an award by appraisers, when appraisal had been required.

The policy, in substance, provided that, if the parties did not agree as to the amount of loss payable, it should be determined by "two competent and disinterested appraisers," each party to select one; if they failed to agree, their differences to be submitted to an umpire; the award of any two of such three to determine the amount of the loss. It appeared at the trial that the parties, having failed to agree as to the amount of loss, defendant, by a letter, demanded an appraisal and named one Shorer as "their appraiser." To this letter plaintiff made no reply. Plaintiff called Shorer as a witness and proved by him substantially that he was a general contractor; that he did work for insurance companies and had been doing so for some 20 years; that he had acted as appraiser for defendant and other insurance companies; and that the largest part of his time was spent in doing work for insurance companies, for which he received compensation. Plaintiff also gave evidence as to the amount of loss and rested. On defendant's motion, the complaint was dismissed, and plaintiff excepted.

[1] The dismissal of the complaint was error. On the evidence submitted, the question as to whether the appraiser appointed by defendant was a disinterested appraiser, within the meaning of the policy, was a question of fact for the jury, under proper instructions from the court. Meyerson, as Admx', v. Hartford Fire Ins. Co., 17 Misc. Rep. 121, 39 N. Y. Supp. 329; Bradshaw et al. v. Agricultural Ins. Co., 137 N. Y. 137, 32 N. E. 1055; Kiernan v. Dutchess County Mutual Ins. Co., 150 N. Y. 190, 199, 44 N. E. 698.

[2] It is urged, however, that plaintiff should have objected to the appraiser at the time, and appointed one on his own account, and that, not having done so, he cannot raise the question now. This manifestly proceeds on the assumption that in not doing so plaintiff committed a breach of the contract. This depends on whether there had been a prior breach by defendant. If defendant had already violated the provisions as to appraisal, plaintiff was absolved from complying therewith (Uhrig v. Williamsburg Ins. Co., 101 N. Y. 362, 4 N. E. 745), and plaintiff was entitled to bring suit on the policy and recover the amount of loss to be proved at the trial (Bishop v. Agricultural Ins. Co., 130 N. Y. 488, 29 N. E. 844). Whether or not defendant had violated the provisions of the policy, as to the appointment of appraisers, depended on whether Shorer was a disinterested appraiser. That was a question of fact to be left to the jury with the other facts in the case, under proper instructions by the court.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.