In the Matter of 176 and 178 EAST MAIN STREET, AMSTERDAM.
THE BUFFALO INSURANCE COMPANY OF BUFFALO et al., Appellants; MORRIS YOSCOVITZ, Respondent.

(Argued November 24, 1933; decided January 9, 1934.)

*Charles B. Sullivan* and *Warner M. Bouck* for appellants. The County Judge was without jurisdiction to appoint an umpire. (*Cohen* v. *Atlas Assur. Co.*, 163 App. Div. 381; *Strome* v. *London Assur. Corp.*, 20 App. Div. 571; *Bradshaw* v. *Agricultural Ins. Co.*, 137 N. Y. 137; *N. Y. Mut. Assn.* v. *Manchester Ins. Co.*, 94 App. Div. 104; *West Side Bank* v. *Pugsley*, 47 N. Y. 368; *Kenny* v. *South Shore Natural Gas & F. Co.*, 201 N. Y. 89; *Matter of King*, 24 App. Div. 605.)

*Harry V. Borst* for respondent. Respondent had the right to attack collaterally the alleged award. (*Wick* v. *Rea*, 54 Wash. 424; *Baker* v. *Byrn*, 89 Hun, 115; *Mandeville* v. *Reynolds*, 68 N. Y. 528; *Ward* v. *Town of Southfield*, 102 N. Y. 287; *Rice* v. *Bruff*, 87 Hun, 511; *Richardson* v. *Trimble*, 38 Hun, 409; *Verplanck* v. *Van Buren*, 76 N. Y. 247; *Johnson* v. *Girdwood*, 7 Misc. Rep. 651; 143 N. Y. 660; *Eysaman* v. *Nelson*, 79 Misc. Rep. 304; 165 App. Div. 950; *Dobson* v. *Pearce*, 12 N. Y. 156.) The appraisal proceeding continues until an award has been made by the appraisers themselves or by one appraiser and an umpire selected by the appraisers. (*N. Y. Mut. Sav. Assn.* v. *Manchester Assur. Co.*, 94 App. Div. 104.)

O'BRIEN, J. A building in Amsterdam owned by respondent Morris Yoscovitz and insured by these six appellants was damaged by fire. The policies provided that, in the event of disagreement between the parties relating to the amount of the loss, such amount should be ascertained by appraisers, one to be selected by the insured and the other by the insurer, and by an umpire to be chosen by the appraisers. The insured, acting through his attorney in fact, and the insurers, acting through their adjuster, entered into a written agreement whereby they designated George Wilson and A. J. Benoit as appraisers. These two appraisers executed a document

by which they certified over their signatures that they selected Benjamin Reiner as umpire. This instrument is regular on its face. Thereafter on various occasions both appraisers met with Reiner and discussed and considered the extent of the loss, and on October 28, 1932, Benoit as appraiser and Reiner as umpire made an award of $19,494.

After the award had been made, the insured on affidavits petitioned the County Judge under section 121, subdivision 10, of the Insurance Law (Cons. Laws, ch. 28), for the appointment of an umpire. The petition was granted and another umpire was appointed by the court. Its jurisdiction under section 121, subdivision 10, is limited to a case where the appraisers have failed or neglected to select one.

Fraud is the theory upon which the petitioner succeeded in overcoming the conceded fact that by a written instrument the appraisers had certified to the previous selection of an umpire by them. The issue of fraud was tried by affidavit. Wilson admits in his deposition that in fact he did sign the paper entitled " selection of umpire," explains the circumstances but asserts that he had no opportunity to protest the selection and that he never ratified nor acquiesced in Reiner's appointment nor in his continuation as umpire. His deposition is to the effect that after he and Benoit had executed the document in blank, Benoit informed him that Reiner would give the insured a good loss on his property and then proceeded in Wilson's presence to insert Reiner's name as umpire. Wilson fails to express any reason for the absence of a protest by himself at that time and does not deny the statements in Benoit's and Reiner's affidavits that Reiner, in his presence, qualified as umpire before a notary public and that on several occasions he met with Reiner and Benoit and discussed and considered the loss. In the absence of some adequate explanation, these omissions render his position vulnerable on the question of fraud.

Even if a suspicion of the practice of fraud is to be deemed permissible, the remedy so far pursued is not the proper one. No attempt is made to dispute the fact of Reiner's appointment. Whether the circumstances surrounding it could ultimately be considered fraudulent after examination and cross-examination of witnesses in person may be determined in an appropriate action to set aside the award. (*Bradshaw* v. *Agricultural Ins. Co.*, 137 N. Y. 137.) Section 121, subdivision 10, of the Insurance Law is not intended to confer jurisdiction to try such an issue on conflicting affidavits. Granted the fact of the selection of an umpire by the appraisers, the County Court, so long as the award stood, was without jurisdiction to appoint another.

The order of the Appellate Division and that of the County Court should be reversed and motion for appointment of umpire denied., with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.