Complainant insurance companies insured defendant against loss by fire. Each policy contains the standard provision that "in the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one." A fire occurred, defendant's building and machinery was damaged, and disagreement followed as to the amount of the loss. Complainants named appraisers and defendant appointed as its appraiser Mr. I. Lester Selvage. To his appointment complainants objected but defendant stood fast. Thereupon the bill was filed stating the foregoing facts and further showing: *Page 65 
"The said I. Lester Selvage has for several years been engaged in the business of adjusting fire losses for the public. He is not by profession or occupation a contractor or builder. He is not in the machinery business, is not a practicing mechanical engineer or civil engineer, does not own or operate a machine shop, does not deal in new machinery or used machinery."
The bill prays relief based on the theory that the allegations quoted show prima facie that Mr. Selvage is neither competent nor distinterested. Defendant moves to strike the bill.
The duties of the appraisers were indicated by Vice-Chancellor Pitney in American Central Insurance Co. v. Landau, 62 N.J. Eq. 73,93. "It is strictly on appraisal and ascertainment in a particular manner of the amount of the loss, made by two or three parties, as the case may be" — the two appraisers and the umpire chosen by them — "in which they act upon their own judgment, with such information as they may obtain in an informal way, and in which the appraiser chosen by each party is supposed and expected, in a restricted sense, to represent the party appointing him and within reasonable limits to see to it that no legitimate consideration favorable to the party so appointing him is overlooked by the other appraiser." Vice-Chancellor Backes, inDennis v. Standard Fire Insurance Co., 90 N.J. Eq. 419,
speaking of appraisers whose conduct he upheld, said, "they were partisans within bounds but were nevertheless unbiased and unprejudiced and disinterested within the meaning of the contract of insurance."
While appraisers exercise a quasi-judicial function, their disinterestedness is not expected to be so complete as that of a judge in a court of justice. Chancellor Walker, in Ex parteHague, 103 N.J. Eq. 505, followed Owen v. Wilmer (Md.),101 Atl. Rep. 686, in holding that to disqualify a judge, his interest "must be a pecuniary or a personal right or privilege in some way dependent upon the result of the case as contradistinguished from every bias, partiality or prejudice which the judge may entertain with reference to the case." Chief-Justice Brogan in Freudenreich v. Mayor, c., ofFairview, *Page 66 114 N.J. Law 290, wrote, "The fundamental reason that supports disqualification of a judge is personal interest in the case or the manifestation of malice or ill-will towards the accused."
The bill does not charge that Mr. Selvage has any pecuniary interest or concern whatever in the award, or that he has manifested bias. If the widest inferences are allowed, the bill charges that he is engaged in a business, namely, loss adjuster, which brings him into frequent conflict with insurance companies and in which as an intermediary he seeks to obtain for his employers the full amount of their losses, or — I suppose complainants would say — in which he seeks to obtain more than the companies admit to be due. He is not employed as an adjuster of the present dispute. Such engagement in business does not disqualify Mr. Selvage as an appraiser. Meyerson v. HartfordFire Insurance Co., 39 N.Y.S. 329.
Is Mr. Selvage "competent" within the meaning of the policy? As suggested by Vice-Chancellor Pitney in the passage already quoted, an appraiser need not rely solely on his own knowledge of values, but may act upon information obtained from others in an informal way. A competent appraiser is one who in this manner is able to measure the loss with accuracy. He need not be an expert, in the sense that his testimony on values would be received in a court of law. American Central Insurance Co. v. DistrictCourt (Minn.), 147 N.W. Rep. 242.
Let the bill be dismissed since it fails to show that Mr. Selvage is not a competent and disinterested appraiser. *Page 67