STATE OF MAINE
CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, ss
CLERK'S OFFICE

AUG 29  10 50 AM '01



SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-00-693

ALLSTATE INDEMNITY
COMPANY,

        Plaintiff

    v.

HEIDI JELLERSON,

        Defendant

ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

The plaintiff seeks a summary judgment on its complaint for declaratory judgment and asks the court to declare that "the term 'qualified appraiser,' as used in the policy, requires the selection of an appraiser other than the operator of the body shop selected to perform the repairs." Pl.'s Complaint. The defendant asks the court to declare that the operator of the body shop is a qualified appraiser. See Def.'s Mem. at 8; M.R. Civ. P. 56(c).

Allstate insured defendant Jellerson under an automobile policy that was in effect when her car was damaged in an accident on 3/17/00. The policy provided coverage for accidental loss to the car. Allstate was required to compensate the insured for "the actual cash value of the property or damaged part of the property at the time of the loss." Allstate's liability "will not exceed what it would cost to repair or replace the property or part with other of like kind and quality." Pl.'s SMF, Ex. A at 25.

Allstate's adjuster estimated the cost of repairs to the defendant's car and Allstate issued payment in the amount of $6,335.92. The defendant took her car to

Mark Cobb at Cobb's Collision Center for repairs. Mr. Cobb prepared and sent to Allstate's adjuster a Repair Process Deficiency Notice and requested payment of $10,525.52 to repair the defendant's car. As a result of that Notice, Allstate issued a supplemental payment to Cobb's Collision Center in the amount of $1,952.46.

Allstate then asserted its right under the policy to demand an appraisal of the loss. The defendant notified Allstate that Mr. Cobb would serve as her "qualified appraiser" pursuant to the policy. Allstate objected to Mr. Cobb. When the defendant refused to designate another appraiser, Allstate initiated this complaint for declaratory judgment.

The defendant agrees with all of the statements of fact in the plaintiff's statement of material facts except those in paragraphs 8 & 9. Specifically, the defendant states that Mr. Cobb requested $10,525.52 in addition to $6,335.92. See Pl.'s & Def.'s SMF, ¶ 8. Further, the defendant states that adjuster Roux did not review the Repair Process Deficiency Notice with Mr. Cobb. See id. ¶ 9.

The defendant provides the following additional material facts: (1) Mr. Cobb does not have any direct or indirect financial interest in the outcome of the appraisal process because the defendant has agreed to pay him according to his estimate; (2) Mr. Cobb has a substantial experience in the collision repair industry; and (3) he is qualified to serve as an appraiser. See Def.'s SMF, ¶¶ 15-17. In the plaintiff's reply memorandum, the plaintiff does not dispute that the defendant has agreed to pay Mr. Cobb according to his estimate regardless of the outcome of the

2

appraisal process and that Mr. Cobb has the training and experience to appraise damage to motor vehicles. See Pl.'s Reply Mem. at 1.

With its reply memorandum, the plaintiff has filed an affidavit of Attorney Douglas and supporting documentation. Rule 56 provides:

> A party replying to the opposition to a motion for summary judgment shall submit with its reply a separate, short, and concise statement of material facts which shall be limited to any additional facts submitted by the opposing party. The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by record citation as required by paragraph (4) of this rule.

M.R.Civ.P. 56(h)(3). The affidavit of Attorney Douglas and supporting documents do not comply with Rule 56(h)(3). Further, this information is not responsive to the defendant's additional material facts filed with her opposition and could have been filed with the plaintiff's initial statement of material facts. Accordingly, the court has not considered the additional information filed with the plaintiff's reply memorandum.[1]

The policy provides the following:

### Right to Appraisal

Both you and Allstate have a right to demand an appraisal of the loss. Each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will choose an umpire. Each appraiser will state the actual cash value and the amount of loss. If they disagree, they will

---

[1]The court also has not considered paragraph 10 of the plaintiff's statement of material facts. Paragraph 10 is not supported by a record citation. See M.R. Civ.P. 56 (h)(1) & (4). Further, Rule 56(e) requires that supporting and opposing affidavits shall be made on personal knowledge and shall set forth facts as would be admissible in evidence. M.R. Civ.P. 56(e). Any "facts" based "upon information and belief" are not considered.

3

submit their differences to the umpire. A written decision by any two of these three persons will determine the amount of the loss.

Pl.'s SMF, Ex. A at 24-25. The term "qualified appraiser" is not defined. See id. at 23. This contract language should be viewed from the prospective of the average person. See Peerless Ins. Co. v. Wood, 685 A.2d 1173, 1174 (Me. 1996). There is no dispute on this record that Mr. Cobb has the training and experience to appraise damage to cars. There is no dispute that he has no financial stake in the outcome of this dispute, as initially argued by the plaintiff. See Pl.'s Mem. at 1-2, 4-6. There is nothing in this record to support the plaintiff's reply argument that Mr. Cobb is "partisan, not impartial." Pl.'s Reply Mem. at 3. The cases relied on by the plaintiff address terms different from the term Allstate chose for its policy. See Lawler v. Maryland Ins. Co., 143 Me. 40, 43 (1947) (disagreement about amount of loss shall be determined by "three disinterested men"); Young v. Aetna Ins. Co., 101 Me. 294, 296 (contract and statute called for "three disinterested men" to appraise amount of loss).

The entry is

On the Plaintiff's Motion for Summary Judgment, Summary Judgment is entered in favor of the Defendant and against the Plaintiff on the Plaintiff's Complaint for Declaratory Judgment as follows: the term "qualified appraiser" in the Allstate Policy does not preclude, on this record, the selection of Mr. Cobb as the defendant's qualified appraiser.

Date: August 29, 2001

Nancy Mills
Justice, Superior Court

4

Date Filed __11-16-00__ __CUMBERLAND__ Docket No. __CV 00-693__
County

Action __DECLARATORY JUDGMENT__

ALLSTATE INDEMNITY COMPANY          HEIDI K. JELLERSON

                                    vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| MARTICA S. DOUGLAS, ESQ 774-1486 | STEVEN KOMMEL ESQ 780-0915 |
| PO BOX 7108, PORTLAND ME 04112 | PO BOX 268, PORTLAND ME 04112 |

Date of
Entry